# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy B. K. Curles, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:17-cv-1765-PMD-TER |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Mitchell, Kirkland Medical SCDC Head Nurse; Ms. Sermons, Kirkland Medical SCDC Nurse; Asst. Warden Thompson, Kirkland Asst. Warden; Ms. Jennifer Woodall, Greenville Detention Head Nurse; Ms. Karen Krein, Greenville Detention Medical Director; Sgt. McCarthy, Greenville Detention Supervisor Security; Ronald Hollister, Greenville Detention Director; Sgt. Smith, Greenville Detention Supervisor; Sgt. Bernard, Greenville Detention Supervisor Security; Ofc. Dejurness, Greenville Detention Security; Ofc. Lester Hall, Greenville Detention Security; Sgt. Mahoney, Greenville Detention Supervisor Security; Ofc. Shockley, Greenville Detention Security, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff Jimmy B. K. Curles' objection to U.S. Magistrate Judge Thomas E. Rodgers, III's Report and Recommendation ("R & R") (ECF Nos. 27 & 22). The Magistrate Judge recommends that the Court summarily dismiss, without prejudice, Plaintiff's claims against Defendants Mitchell, Sermons, Thompson, Woodall, Krein, and Hollister. The Court has carefully reviewed and considered the entire record, including Plaintiff's lone objection, and finds that the Magistrate Judge fairly and accurately summarized

the relevant facts and applied the correct principles of law. Therefore, the Court adopts the R & R and dismisses Mitchell, Sermons, Thompson, Woodall, Krein, and Hollister.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 for purported violations of his constitutional rights while he was a pre-trial detainee at Greenville County Detention Center ("GCDC"). Plaintiff filed his complaint on July 5, 2017, and filed a supplemental complaint on August 1, 2017 (ECF Nos. 1 & 1-2). Plaintiff alleges that he told GCDC officials that he could not be housed with certain individuals due to an argument, but the officials refused to immediately move him. He alleges that, due to GCDC officials' failure to move him, he was beaten by four inmates and did not receive adequate medical care.

The Magistrate Judge issued his R & R on September 12. He found that Plaintiff made sufficient factual allegations against some defendants to survive summary dismissal. However, he recommends that Defendants Mitchell, Sermons, Thompson, Woodall, Krein, and Hollister be summarily dismissed without prejudice and without issuance and service of process because Plaintiff had not made sufficient factual allegations against them under § 1983. Plaintiff timely filed his objection to the R & R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations

in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The district court may dismiss an action pursuant to 28 U.S.C. § 1915 if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i–iii). The Magistrate Judge found that Plaintiff had failed to state a claim against Defendants Mitchell, Sermons, Thompson, Woodall, Krein, and Hollister since he did not plead facts that causally connect them to the conduct that caused his injuries. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). Plaintiff's objection states that

3

Mitchell, Sermons, and Thompson were employees of the South Carolina Department of Corrections in the facility he was placed after his sentencing and after the alleged beating. He states that they answered a written grievance he filed. However, the act of responding to the grievance could not have caused Plaintiff the harm he alleges in that same grievance. Defendants Mitchell, Sermons, and Thompson are not liable for Plaintiff's injuries simply because they responded to Plaintiff's grievance.

Plaintiff does not mention Defendants Woodall, Krein, or Hollister by name in his objection, but he states that "Two of these part[ies] are the Head of each Department in Greenville Detention." (Pl.'s Obj., ECF No. 27, at 1.) It is unclear which two parties Plaintiff is referring to, but it makes no difference for the disposition of his objection. Additionally, Plaintiff states, "I feel that all of the part[ies] named in this are held accountable [be]cause they are of Authority over all of the rest." (*Id.*) Plaintiff's statements in his objection do not correct his failure to state a claim against any of the defendants recommended for dismissal by the Magistrate Judge. Liability of supervisory officials "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). However, simply being a supervisor of those whose conduct allegedly caused a plaintiff's injury is not sufficient. *Id.* Here, Plaintiff has not alleged in his complaint or in his objection that Defendants Mitchell, Sermons, Thompson, Woodall, Krein, or Hollister were indifferent towards him. He has not alleged that they tacitly authorized keeping him in his housing assignment or giving him inadequate medical care. Because Plaintiff has failed to plead

facts that create a causal connection between these defendants and the conduct that led to his injuries, the Court agrees that Plaintiff has failed to state a claim against them.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's objection is **OVERRULED**, and that the R & R is **ADOPTED**. Accordingly, the Court summarily **DISMISSES** Defendants Mitchell, Sermons, Thompson, Woodall, Krein, and Hollister without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 10, 2018**
**Charleston, South Carolina**