IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy B. K. Curles, | ) | Case No. 4:17-cv-01765-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. McCarthy, Sgt. Smith, Sgt. Bernard, | ) | |
| Ofc. Dejurness, Ofc. Lester Hall, Sgt. | ) | |
| Mahoney, Ofc. Shockley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 59. Plaintiff filed Responses in Opposition. ECF Nos. 63, 71. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 25, 2019, the Magistrate Judge issued a Report recommending that Defendant's Motion for Summary Judgment be granted. ECF No. 79 Plaintiff filed a Motion for Response, a Motion to Appoint Counsel, and objections to the Report. ECF Nos. 81, 82, 83. Defendants filed a Response in Opposition to the Motion to Appoint Counsel, and Plaintiff filed a Supplement.[1] ECF Nos. 87, 88.

---

[1] To the extent the Supplement also relates to Plaintiff's objections to the Report, the Court has considered it.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff appears to object to the resolution of this action with respect to Ofc. Dejurness. Plaintiff states that he was first informed that Dejurness was no longer employed by the South Carolina Department of Corrections, however, "they requesting him to be released from this suit . . . ." ECF No. 83. Service of process was authorized as to Dejurness on September 12, 2017. ECF No. 20. The summons issued for Dejurness was returned unexecuted on October 5, 2017. ECF No. 30. The United States Marshal noted that he was unable to serve Dejurness "due to no employee by that name and not enough info to serve." *Id*. On October 24, 2017, the Magistrate Judge issued a third proper form order directing Plaintiff to provide additional information to serve

Dejurness and providing additional service documents for completion. ECF No. 38. It does not appear that Plaintiff returned the necessary service documents.[2]

The Magistrate Judge recommends dismissal of Dejurness pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that the Court must dismiss without prejudice a defendant who has not been served within 90 days or order that service be made within a specified time. *See also Robinson v. Clipse,* 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling time for service during initial review). Plaintiff is well outside the time limit for serving Dejurness and has failed to provide any reason to extend the time for service. Accordingly, this objection is overruled.

Plaintiff appears to argue that he sent a statement from Jamell Jackson in support of his allegations to the Court. ECF No. 83. In his next sentence, he states that Defendants "will cover up th[eir] faults." *Id*. Plaintiff does not allege that Defendants prevented him from sending additional documents nor does he provide any support for an allegation that he sent a document to the Court that was not received. Plaintiff has sent numerous documents to the Court in support of this lawsuit. Accordingly, any objection with respect to a missing document is overruled.

Plaintiff also alludes to the fact that he may not have "signed the forms right." This presumably pertains to the Magistrate Judge's discussion of Plaintiff's failure to sign the complaint form where it states, "I declare under penalty of perjury that the foregoing is

---

[2] Plaintiff filed a Motion for Extension of Time to Serve Defendants on March 6, 2018, but did not return the necessary paperwork or explain why he needed additional time. *See* ECF No. 62. The Magistrate Judge found the motion as moot. ECF No. 78.

3

true and correct." ECF No. 79 at 2 FN 3. Plaintiff seems to blame this oversight on the fact that he is pro se. Plaintiff is not entitled to representation at this procedural posture. There is no constitutional right to appointed counsel in a civil case, *Whisenant v.Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate that exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. Accordingly, Plaintiff's objection is overruled.[3]

Liberally construed, Plaintiff fails to provide any additional specific objections; however, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court agrees with the recommendation of the Magistrate Judge that the Motion for Summary Judgment be granted.

---

[3] For these reasons, the Court denies Plaintiff's pending Motion to Appoint Counsel.

**CONCLUSION**

Accordingly, the Court adopts the Reports of the Magistrate Judge and overrules Plaintiff's objections.  Defendants' Motion for Summary Judgment [59] is **GRANTED**, Ofc. Dejurness is **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's Motion to Appoint Counsel [82] is **DENIED**, and Plaintiff's Motion for Response [81] is **MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 6, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.