IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy B. K. Curles, | ) | Case No. 4:17-cv-01765-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. McCarthy, Sgt. Smith, Sgt. Bernard, | ) | |
| Ofc. Dejurness, Ofc. Lester Hall, Sgt. | ) | |
| Mahoney, Ofc. Shockley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order entered March 6, 2019, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and a letter from Plaintiff.[1]  ECF Nos. 94, 95.  Defendants filed a Response in Opposition.  ECF No. 96.  For the reasons stated below, the Court denies Plaintiff's Motion for Reconsideration.

## APPLICABLE LAW AND ANALYSIS

***Rule 59(e)***

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court.  Fed. R. Civ. P. 59(e).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that

---

[1] The Court has construed Plaintiff's letter as support for his Motion for Reconsideration.

there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### *The Court's Review*

Plaintiff may argue that he has new evidence that the Court should consider. In his objections to the Magistrate Judge's Report, Plaintiff alleged that he had mailed a statement from Jamell Jackson in support of his allegations to the Court but it was not received. The Court overruled his objection finding that he failed to allege that Defendants prevented him from sending in additional documents and provided no support for an assertion that he had sent a document that the Court had not received. Now, for the first time Plaintiff has provided Jackson's affidavit in support of his claims. Upon review, the Court finds that this evidence does not entitle Plaintiff to reconsideration of his case.

As an initial matter, the affidavit was dated January 25, 2017; Plaintiff has not explained why this information was not available until after the Motion for Summary Judgment had been decided. Moreover, the affidavit does not contain additional

information.  Jackson avers that he witnessed Plaintiff inform eight officers that he had "issues" with inmate Zach Bragg.  ECF No. 94-1 at 2.  This is same language used by Plaintiff in his Complaint.  As explained in more detail by the Magistrate Judge, Plaintiff's allegation that he informed the officers that he had "issues" with another inmate is insufficient to put them on notice that Plaintiff was at risk of serious injury.  *See* ECF No. 79 at 12.  Accordingly, Plaintiff's motion for reconsideration is denied with respect to this argument.

Plaintiff also generally contends that dismissal of his case would result in an injustice.  Having reviewed Plaintiff's Motion, the court finds it does it point to any clear legal error or manifest injustice.  Further, Plaintiff fails to argue that there has been an intervening change in the controlling law.  Therefore, the Court concludes that reconsideration of its dismissal order is not warranted. For these reasons, Plaintiff's Motion for Reconsideration and supplemental support [95] is **DENIED**.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 18, 2019
Spartanburg, South Carolina

---

[2] Plaintiff also requests reconsideration of the Magistrate Judge's and this Court's rulings that he is not entitled to appointment of counsel.  As explained in the Order ruling on the Report, Plaintiff is not entitled to have counsel appointed to represent him in the matter at this procedural posture.  His Motion for Reconsideration is denied with respect to this claim.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.